UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CONSOLIDATED CIVIL ACTION NO. 2:14-cv-22 (WOB-CJS)

SATISH DOSHI, Individually
And on behalf of all other
Persons similarly situated

and

CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM, Individually
And on behalf of all others
Similarly situated                                              PLAINTIFFS

VS.

GENERAL CABLE CORPORATION;
GREGORY B. KENNY; and
BRIAN J. ROBINSON                                               DEFENDANTS

MEMORANDUM OPINION AND ORDER

This securities fraud action is before the Court on Lead Plaintiff City of Livonia Employees' Retirement System's motion to alter or amend the judgment and for leave to file an amended complaint (Doc. 123). The Court dismissed this action with prejudice on January 27, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4(b)(3)(a), because Plaintiff's complaint failed to adequately plead scienter. See Doc. 121, Opinion and Order; Doc. 122, Judgment. Defendant General Cable Corporation and Individual Defendants Gregory B. Kenny and Brian J. Robinson, General Cable executives, oppose this motion (Doc. 125) and move the Court for oral argument on the matter (Doc. 126).

Having reviewed the parties' filings and concluded that oral argument on this motion is unnecessary, the Court now issues the following Memorandum Opinion and Order.

**I. Factual and Procedural Background**

Because the facts underlying this action are set forth in detail in the Court's January 27, 2015 Opinion and Order (Doc. 121), the Court need not restate them here. The Court, however, notes the timeline of events relevant to this motion.

Plaintiff filed the Corrected Consolidated Complaint (Doc. 97) on June 24, 2014. Defendants filed their motion to dismiss (Doc. 98) on July 18, 2014. The parties completed briefing of that motion on September 11, 2014. On October 16, 2014, Plaintiff filed a notice of recent authority (Doc. 107) regarding the Sixth Circuit's October 10, 2014 decision in *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455 (6th Cir. 2014), which discussed standards relevant to corporate scienter. Defendants responded to this notice on October 20, 2014 (Doc. 108). The Court heard oral argument nearly three months later on January 7, 2015. The Court issued its Opinion and entered Judgment on January 27, 2015. Plaintiff timely filed the motion *sub judice* –– its first request for leave to amend the complaint –– on February 24, 2015.

**II. Analysis**

   **A. Legal Standards**

Plaintiff moves this Court under Federal Rules of Civil Procedure 15(a) and 59(e) to amend the judgment to dismiss the case without

prejudice so that Plaintiff may file the proposed amended complaint tendered with its motion.

After the time for amending a complaint as a matter of course has lapsed, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* But, a court may properly deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Plaintiff seeks leave to amend after the entry of judgment, however, "[i]nstead of meeting only the modest requirements of Rule 15," Plaintiff first "must meet the requirements for reopening a case established by Rule[] 59[.]" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). A court may grant a Rule 59(e) motion if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Court has "considerable discretion" in deciding whether to grant such a motion, *Leisure Caviar*, 616 F.3d at 615, and to do so is an "extraordinary" remedy. *See* 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 59.30[4] (3d ed. 2014).

**B. Application**

Plaintiff asserts that three of the four circumstances warranting alteration of the judgment are implicated here: a clear error of law, newly discovered evidence, and a need to prevent manifest injustice.[1] The Court examines each in turn.

**1. Clear Error**

Plaintiff argues that the Court erred in denying Plaintiff the opportunity to amend on the complaint's first review without "any justification," Doc. 123-1, Mot. to Alter or Amend J., at 10. Plaintiff also asserts that the Court committed clear error by "den[ying] Plaintiff the mandated opportunity to address [fact-pleading failures] through amendment."[2]  *Id.* at 7.

---

[1] Notably, Plaintiff does not formally assert in its motion that there has been an intervening change in the controlling law, despite protesting several times about its lack of opportunity to set forth its allegations against Defendants with the benefit of *Omnicare*.  *See, e.g.*, Doc. 123-1, Mot. to Alter or Amend J., at 8 ("Although the Court addressed the *Omnicare* analysis in its Order, Plaintiff never had the opportunity to plead to that standard or to benefit from the Sixth Circuit's guidance on this key scienter issue.").

Plaintiff may have elected this seemingly inconsistent position because *City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651 (6th Cir. 2005) -- the leading Sixth Circuit case on corporate scienter prior to *Omnicare* -- applied a broader standard, allowing attribution to the corporation of "knowledge of a corporate officer or agent acting within the scope of [his] authority."  *City of Monroe Emps.' Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 689 (6th Cir. 2005) (alteration in original).  Thus, Plaintiff could have advanced the same corporate scienter arguments regarding Mathias Sandoval, a senior officer of General Cable, under either *City of Monroe* or *Omnicare*.

[2] Under this banner, Plaintiff also devotes substantial attention to explaining how the Court erred in characterizing various factual allegations and applying the law to the complaint.  However, Plaintiff has not asked the Court to vacate the complaint's dismissal; Plaintiff's request is merely to amend the judgment such that the dismissal be without prejudice.

In any event, Sixth Circuit precedent is clear that a Rule 59(e) motion "is not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa*

### a. Denial of Leave to Amend Without Justification

Although Plaintiff correctly states that "outright refusal" to grant leave to amend "without any justifying reason . . . is abuse of discretion," *Foman*, 371 U.S. at 182, the circumstances of this case do not implicate that standard.

At the time the Court entered judgment, it had no motion requesting leave to amend before it. Although Plaintiff's counsel suggested at oral argument that Plaintiff might wish to amend its complaint, *see* Doc. 124, January 7, 2015 Oral Arg. Tr., at 35, Plaintiff did not file a subsequent motion requesting leave to do so.

The comments by counsel during the hearing, standing alone, do not constitute a proper request for leave to amend in light of Sixth Circuit precedent holding that requests outside of formal motions to amend are procedurally insufficient. *See, e.g., Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010))); *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004), *abrogated on other grounds by Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct.

---

*Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *accord Leisure Caviar*, 616 F.3d at 616 ("A plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'" (quoting *Sault Ste. Marie*, 146 F.3d at 374)). Because the proper forum for expressing disagreement with the Court's substantive reasoning is an appeal on the merits, the Court need not address each of Plaintiff's allegations of substantive errors to rule on the instant motion.

1309 (2011), *as recognized in Frank v. Dana Corp.*, 646 F.3d 954 (6th Cir. 2011) (finding procedurally improper plaintiff's one-line request for leave to amend at the end of its brief opposing defendants' motion to dismiss); *Beaver Cnty. Ret. Bd. v. LCA-Vision Inc.*, No. 1:07-CV-750, 2009 WL 3720651, at *2 (S.D. Ohio Nov. 5, 2009) (finding deficient a request to amend in a footnote in plaintiff's response to defendants' motion to dismiss).

Without a proper motion requesting leave to amend, the Court had no reason to justify its dismissal of the action with prejudice because the PSLRA mandates that deficient complaints "shall" be dismissed. 15 U.S.C. § 78u-4(b)(3); *accord Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (finding proper the district court's dismissal with prejudice of a complaint that failed to meet the PSLRA pleading requirements).

### b. Denial of the "Mandated" Opportunity to Amend

There is no rule in our Circuit requiring the Court to grant leave to amend a complaint on first review -- especially where leave has not been requested. *See Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551-52 (6th Cir. 2008) ("No abuse of discretion occurs when a district court denies a party leave to amend where such leave was never sought."). Moreover, the prevailing Sixth Circuit precedent holds that the PSLRA restricts the otherwise "liberal" standards applied to requests for leave to amend. *See Kuyat*, 747 F.3d at 445 ("The usual liberal standards under Rule 15 do not apply to cases governed by the PSLRA."); *Miller*, 346 F.3d at 692 ("[W]e think it is

correct to interpret the PSLRA as restricting the ability of plaintiffs to amend their complaint, and thus as limiting the scope of Rule 15(a)."). The PSLRA's stringent pleading standards exist to "screen out lawsuits having no factual basis." *PR Diamonds,* 364 F.3d at 700. Because the Sixth Circuit has stated on numerous occasions that a liberal amendment policy would frustrate that purpose, the Court did not commit clear legal error in dismissing the case with prejudice.[3]

### 2. Newly Discovered Evidence

Next, Plaintiff argues that the Court should reopen the case and allow amendment to incorporate newly discovered evidence related to General Cable's "failed internal controls." Doc. 123-1, Mot. to Alter or Amend J., at 25. In particular, Plaintiff references General Cable's August 1, 2014 Form 10-Q, which disclosed potential Foreign Corrupt Practices Act (FCPA) liability, and General Cable's September 22, 2014 SEC Form 8-K, which also reported possible FCPA violations. *Id.* at 23-24.

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). As the dates these documents were released plainly show, this evidence was publicly

---

[3] To the extent that Plaintiff argues that *Miller* stands for the proposition that "repeated amendments" frustrate the PSLRA's purpose, the Court notes that *Miller* in no way stated that its application was confined only to review of a plaintiff's second or third request to amend. Instead, "whether a plaintiff has failed to cure pleading deficiencies by amendments previously allowed is but one factor for consideration." *Beaver Cnty.*, 2009 WL 3720651, at *8.

available more than three months before the Court entered judgment and therefore cannot constitute newly discovered evidence.

### 3. Manifest Injustice

Finally, Plaintiff asserts that failing to allow amendment "would be manifestly unjust" in light of the Court's "clear error," the new evidence to be considered, and the preference for deciding cases "on their merits" rather than pleading technicalities. Doc. 123-1, Mot. to Alter or Amend J., at 25-26.

The manifest injustice ground for grant of a Rule 59 motion is a "catch-all provision," but not one "meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (citing *GenCorp*, 178 F.3d at 834). Evaluating whether denying a Rule 59(e) motion would result in manifest injustice is "a fact-specific analysis that falls squarely within the discretionary authority of the Court." *Id.*

As previously discussed, the Court disagrees with Plaintiff's assertion that it committed "clear error" and concluded that Plaintiff has not presented any "newly discovered evidence." As to Plaintiff's third point, the Court reemphasizes the PSLRA's restrictions on otherwise liberal standards for amendment of pleadings. Most important, however, the Court finds that denying Plaintiff's request for leave to amend would not produce a manifest injustice because the proposed amended complaint would be futile.

**a. Futility of the Proposed Amended Complaint**

A court need not permit amendment of a complaint if the amendment would be futile. 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15[3] (3d ed. 2014). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, . . . or could not withstand a motion to dismiss." *Id.* The Court has carefully reviewed the Proposed Amended Complaint (Doc. 122-3) and concludes that it fails to meet the heightened pleadings standards of the PSLRA because, like the first complaint, it lacks particularized facts supporting a strong inference of scienter with respect to any defendant.

Although the Court has assessed the amended complaint "holistically" as it is required to do, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007), for purposes of this opinion, the Court notes that the amendments focus on the following areas and analyzes each in turn.

**i. Internal Controls Deficiencies**

First, Plaintiff attempts to bolster the inference of scienter by alleging additional facts regarding the deficiency of internal controls and the falsity of Sarbanes-Oxley and other SEC certifications attesting to the sufficiency of those controls. Plaintiff emphasizes General Cable's 2014 admission that it had discovered potential liability related to violations of the Foreign Corrupt Practices Act as evidence of deficient internal controls. *See*

Doc. 122-3, Proposed Amended Complaint, ¶¶ 69-74. But the key question is not whether General Cable's internal controls were inadequate -- General Cable has freely admitted that fact. The question relevant to scienter is whether Defendants knew or should have known that the internal controls were inadequate at the time false statements were made. To that question, Plaintiff has only offered conclusory statements and speculation. *See, e.g.*, *id.* ¶ 71 ("Had the defendants properly used the COSO framework as they claimed, they would have known about the accounting errors alleged herein on a timely basis.").

### ii. Bill-and-hold Transactions

The amended complaint also attempts to paint General Cable's recognition of revenue from bill-and-hold transactions as a "red flag" that Defendants ignored, suggesting recklessness. But the amended complaint merely restates facts previously pleaded and adds information about SEC guidelines regarding bill-and-hold transactions. *See id.* ¶¶ 25-27. It stops short of alleging particularized facts suggesting that Defendants knew or should have known these transactions failed to comply with the applicable guidelines *when they were approved*.

### iii. "Clawback" Policy and Incentive Compensation

The amended complaint alleges that Defendants Kenny and Robinson were motivated to conceal financial misconduct to avoid being forced to return incentive compensation under the "clawback" policy General Cable implemented in January 2012. *See id.* ¶¶ 103-08. But there are

-10-

no allegations from which to infer that Kenny and Robinson knew of misconduct and concealed it. Instead, the facts alleged strongly support the opposite inference: that Kenny and Robinson disclosed the accounting problems as soon as they became aware of them. More specific allegations of Kenny and Robinson's incentive compensation, *see id.* ¶ 107, do not bolster scienter because the amended complaint still lacks facts showing that the inflated stock price actually affected their incentive compensation.

The amended complaint alleges that Sandoval was similarly motivated to conceal accounting problems.[4] *See id.* ¶ 109. Although the Court recognizes that Sandoval's state of mind is "probative" of corporate scienter, *see Omnicare*, 769 F.3d at 476, the fact that General Cable "forced" Sandoval to resign, *see* Doc. 122-3, Proposed Amended Complaint, ¶¶ 75-84, and demanded the return of prior incentive compensation cuts against imputing Sandoval's state of mind -- whatever it might have been -- to the corporation. Instead, General Cable's swift and severe discipline of Sandoval strongly suggests that the corporation lacked intent to defraud.[5]

---

[4] The amended complaint cures a deficiency in the original complaint by directly alleging facts related to the clawback policy and the resignation and other conduct of Mathias Sandoval. These facts were previously before the Court only through briefing related to Defendants' motion to dismiss. *See* Doc. 103, Plaintiff's Resp. in Opp. to Mot. to Dismiss, at 8, 10, 11, 16–19, 22-23. In fact, the original complaint mentions Sandoval by name only once. *See* Doc. 97, Corrected Consolidated Complaint, ¶ 4.

[5] The complaint also references a statement by Confidential Witness 5 that Sandoval resigned in lieu of being fired – which also weakens Plaintiff's preferred inference. *See* Doc. 122-3, Proposed Amended Complaint, ¶ 77.

### iv. Sandoval's Conduct

Finally, the amended complaint emphasizes Sandoval's conduct and the corporation's "shielding" of the ROW group from scrutiny. But the majority of these "new" allegations are simply restatements or modifications of allegations in the first complaint. For example, paragraphs 90-94 again take issue with General Cable's failure to integrate the Phelps Dodge subsidiary into the corporate internal control structure. But, as the Court explained in its January 27, 2015 Opinion, this strategic decision -- though perhaps unwise in hindsight -- does not support an inference of scienter. *See* Doc. 121, Opinion and Order, at 21.

The facts in the proposed amended complaint that are truly new lack particularity. For instance, the complaint baldly alleges a "culture of corruption," Doc. 122-3, Proposed Amended Complaint, ¶ 10, in the ROW group but offers no other details. Likewise, the complaint makes allegations about a January 2012 conference call where Sandoval and other ROW leaders "discussed the missing inventory and the theft." *Id*. ¶ 77. But Plaintiff states no specific facts about what was discussed or what came of the meeting.

The Court's role is not to engage in a guessing game as to what was said in order to infer scienter. Instead, the facts pleaded must give rise to an inference of scienter that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1324 (2011). The only strong inference the Court can draw from the

amended complaint's allegations about the inventory control problems and the ROW leaders' awareness of them is that the accounting system had significant problems -- problems to which Defendants have admitted.  The amended complaint does not provide sufficient facts from which to infer that any of the Defendants acted with intent to defraud.  Thus, the Court concludes that permitting amendment would be futile.

**III. Conclusion**

Because Plaintiff has not convinced that Court that it is entitled to relief under Rule 59, the Court declines its request to alter the judgment and for leave to amend the complaint.

Having reviewed this matter, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that

(1) Plaintiff's motion to alter or amend the judgment and for leave to amend (Doc. 123) be, and hereby is, **DENIED;** and

(2) Defendants' motion for a hearing (Doc. 126) be, and hereby is, **DENIED.**

This 12th day of May, 2015.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge